FILED

NOV 1 9 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROSS MICKEALSON,<br><br>Plaintiff,<br><br>vs.<br><br>CUMMINS, INC.,<br><br>Defendant. | CV-16-75-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Cummins, Inc.'s Motion for Review of Clerk's Memorandum of Taxation and Costs. (Doc. 43). In its motion, Cummins objects to the Clerk's Memorandum and requests the Court tax all costs requested in Cummins' Bill of Costs. (*Id.* at 2). Plaintiff Ross Mickealson objects to Cummins' motion and argues that the Clerk properly determined Cummins' Bill of Costs was insufficient because it was not accompanied by an affidavit that the costs were correct, necessarily incurred, and reasonable and necessary to the case as required by 28 U.S.C. § 1924. (Doc. 44). For the reasons explained below, Cummins' motion is GRANTED.

I. **Discussion**

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mex-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*). The types of costs that courts may award under Rule 54(d) are enumerated in 28 U.S.C. §§ 1920 and 1821.

28 U.S.C. § 1924 provides that, before the taxation of costs, the prevailing party shall attach to the bill of costs an affidavit that such item is correct, has been necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed. To that end, Local Rule of Civil Procedure 54-1(a)(1) requires the prevailing party to "file an application for the taxation of costs. The application must be made on Form AO-133, Bill of Costs, available on the court's website."

Here, the Clerk rejected Cummins' bill of costs for not providing an affidavit required by 28 U.S.C. § 1924 and for not following Local Rule 1.5(c) requiring notarization and hand signature of affidavits. (Doc. 42). The Clerk's determination that simply filing a bill of costs unaccompanied by an affidavit is insufficient to satisfy Local Rule 54-1 is technically correct. However, District Courts across the country provided with the opportunity to opine on this issue have

repeatedly found that the affidavit requirement under § 1924 is satisfied when a party submits its application for costs on Form AO-133. *See Gracia v. Sigmatron International, Inc.*, 2016 WL 6892861, *6 (N. D. Ill. Nov. 2016) (finding Defendants satisfied 28 U.S.C. § 1924's affidavit requirement by submitting the signed bill-of-costs form which certified the requested costs were correct, necessary and reasonable); *accord Wine & Canvas Development, LLC v. Muylle, et al.*, 2015 WL 6684707, *2 (S.D. Indiana Oct. 2015); *Bittakis v. City of El Paso*, 2007 WL 1888876, *2 (W.D. Texas 2007); *see also Joza v. WW JFK, LLC*, 2009 WL 329793, *1 (E.D. NY Oct. 2009) (finding defendant's argument that the bill of costs failed to comply with the Local Rule because it did not contain an affidavit "specious" where the Bill of Costs was accompanied by a declaration under penalty of perjury verifying the costs); *Donohoo v. Hanson*, 2017 WL 1250437, *1 (W.D. Wisc. April 2017) (finding same argument "meritless"); *Shatwell v. Phillips, D.O., et al*, 2014 WL 12791249, *2 (E.D. Ok Jan. 2014) (finding defendant's Bill of Costs insufficient because it did not "utilize [the] AO 133 form containing the requisite declaration or file an equivalent affidavit as contemplated by 28 U.S.C. § 1924"); *cf. Hill v. Wal-Mart Stores, Inc.*, 2017 WL 3367096, *1 (D. Or. Aug. 2017) (rejecting Wal-Mart's bill of costs under Local Rule 54-1 when Wal-Mart failed to provide any supporting affidavits or declarations that the claimed costs were necessary).

As these courts have pointed out, the AO 133 form includes a sworn statement under penalty of perjury that the costs are correct, necessarily incurred in the action, and actually and necessarily performed, as well as an itemization of those costs. (*See* AO 133 Form). The Declaration mirrors the statutory language of Section 1924 and satisfies the purpose of requiring those seeking costs to provide a sworn written statement regarding the necessity of the costs incurred. Because the Court finds that this declaration is sufficient, no additional affidavit was necessary and the Clerk's determination that Cummins violated Local Rule 1.5(c) is moot.

II. **Conclusion**

For the reasons stated above, Cummins' Motion (Doc. 43) is GRANTED. The Clerk of Court is ordered to re-tax the costs in this matter consistent with this order.

DATED this 19th day of November 2018

Susan P. Watters
SUSAN P. WATTERS
United States District Judge