IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

DEC 10 2018

Clerk, U S District Court
District Of Montana
Billings

ROSS MICKEALSON,

Plaintiff,

vs.

CUMMINS, INC.,

Defendant.

CV-16-75-BLG-SPW

ORDER

On November 21, 2018, the Clerk of Court filed a memorandum taxing costs in the amount of $5,146.05, in favor of the Defendant, Cummins, Inc., and against the Plaintiff Ross Mickealson. (Doc. 46). Mickealson filed a timely motion requesting the Court review the Clerk's decision in accordance with Local Rule 54.1(a)(6). (Doc. 47). Cummins opposes Mickealson's motion and asks the Court to uphold the Clerk's taxation of costs in its entirety. (Doc. 48). For the reasons set forth below, Mickealson's motion (Doc. 47) is DENIED.

A. **Legal Standard**

Rule 54 allows a prevailing party to recover costs, other than attorney's fees, unless the court otherwise directs. Fed.R.Civ.P. 54(d). This rule creates a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific

1

reasons, which may include punishing misconduct by the prevailing party or non-punitive but compelling equitable justifications such as a party's limited financial resources. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591-93 (9th Cir.2000); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The losing party bears the burden of establishing why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir.2003). In an "ordinary case," costs will be awarded, and if the losing party meets its burden, the court must specify reasons for its refusal not to award costs in spite of the presumption. *Id.* at 945; *see Trans Container Services (BASEL) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir.1985) (observing that trial courts must state reasons for the denial of costs so that the appellate court will be able to determine whether or not the trial court abused its discretion).

**B.     Discussion**

The Court does not find any compelling reason to deviate from the presumption in favor of awarding costs to the prevailing party in this case. The Ninth Circuit has articulated a variety of reasons for denying costs in *Champion Produce Inc.*, 342 F.3d at 1022, including: (1) a losing party's limited financial resources; (1) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the issues in the case were

close and difficult; (5) the prevailing party's recovery was nominal or partial; (6) the losing party litigated in good faith; and (7) the case presented a landmark issue of national importance. *Id.* Mickealson argues two of these reasons apply in his case: that he is indigent and that imposing costs would have a chilling effect on future litigants.[1] The Court addresses both arguments in turn.

First, Mickealson argues that even though he was the non-prevailing party in this action, he should be absolved from liability for Cummins' costs because he is indigent. (Doc. 47 at 7) A non-prevailing party seeking to avoid costs bears the burden of showing that he is incapable of paying the prevailing party's costs, not only at the present, but into the future. *See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir.2006). To sustain that burden, the non-prevailing party must present sufficient evidence about both income/assets and expenses that makes clear he is indeed indigent. *Rivera*, 469 F.3d at 635.

In support of his argument, Mickealson states that he has had trouble acquiring employment that is comparable to his past employment with Cummins. (*Id.*) He asserts that paying costs would be a financial hardship given the limited compensation from the intermittent employment he has had since his termination.

---

[1] Mickealson also argues that Cummins seeks unrecoverable costs in the amount of $275 for video depositions. The Clerk disallowed Cummins' costs for these fees, however, (*see* Doc. 46 at 1-2), so the Court will not address the argument.

(*Id.*) In his affidavit, Mickealson avers that he is making an entry level salary of less than $45,000 a year during his probationary period. (Doc. 47 at ¶ 5).

The Court notes, however, that although Mickealson may not be able to find work comparable to what he made at Cummins, he can still work. (*See* Doc. 47 at ¶ 5). Accordingly, Mickealson has not sufficiently demonstrated that he is incapable of paying Cummins' costs of just over $5,000 in the future, considering he is able to continue working making a salary at or around $45,000 a year. The Court does not find that this case is "the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)." *See Save Our Valley*, 335 F.3d at 945. Although the Court is not unsympathetic to Mickealson's limited financial resources, it does not find that his argument is sufficiently persuasive to overcome the presumption that a prevailing party is entitled to its costs under Rule 54(d).

Next, Mickealson also argues that a chilling effect on civil rights litigants may occur if he is required to pay the costs in this case. (Doc. 47 at 6-7). But there is no blanket prohibition on taxing costs against unsuccessful civil-rights litigations. Instead, the chilling-effect consideration is better understood as closely related to the importance, closeness, and novelty of the issues raised in the lawsuit.

In discussing the potential for a chilling effect on other civil-rights plaintiffs, the Ninth Circuit noted the importance of "civil rights litigants who are willing to test the boundaries of our laws" in achieving progress after *Brown v. Board of Education*, 347 U.S. 483 (1954). *Stanley*, 178 F.3d at 1080. In other words, the potential for a chilling effect is greater when a plaintiff asserts novel civil-rights claims or claims addressing important societal issues. No such issues were present in this case. The Court does not find that fees totaling just over $5,000 will have a chilling effect on standard-fare employment law cases in this district.

**C.     Conclusion**

For the reasons stated above, the Court DENIES Mickealson's motion for review of the clerk's memorandum on taxation of costs (Doc. 47).

Further, IT IS ORDERED that Cummins is entitled to recover $5,146.05 in costs.

DATED this 10th day of December, 2018.

SUSAN P. WATTERS
United States District Judge